CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
JUN 26 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

LINDA D. BROTHERTON,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　Civil Action No. 5:07CV00071
　　　　Plaintiff,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　**MEMORANDUM OPINION**
　　　　　　　　　　　　　　　　　　　　)
MICHAEL J. ASTRUE,　　　　　　　　　　 )
　Commissioner of Social Security,　　)　By:　Hon. Glen E. Conrad
　　　　　　　　　　　　　　　　　　　　)　　　United States District Judge
　　　　Defendant.　　　　　　　　　　　)

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Linda D. Brotherton, was born on July 9, 1962 and eventually reached the eleventh grade in school. Ms. Brotherton subsequently earned a GED certificate. Plaintiff has worked as a cashier, server, and manager in a restaurant. She last worked on a regular and sustained basis in 2004. On July 20, 2004, plaintiff filed applications for disability insurance benefits and supplemental security income benefits. Ms. Brotherton alleged that she became disabled for all forms of substantial gainful employment on February 1, 2004 due to hepatitis C, arthritis, depression, anxiety, carpal tunnel syndrome in the right arm and hand, bilateral sacrum injuries with nerve damage, and an extra vertebra in her back. Plaintiff now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Ms.

Brotherton met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. § 423.

Plaintiff's claims were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 31, 2006, the Law Judge also determined that Ms. Brotherton is not disabled. The Law Judge found that plaintiff suffers from severe impairments including obesity/compulsive overeating disorder; right knee ACL rupture; and an affective disorder. Because of these impairments, the Law Judge ruled that plaintiff is disabled for her past relevant work activity in a restaurant. However, the Law Judge found that Ms. Brotherton retains sufficient functional capacity for certain forms of sedentary work activity. Specifically, the Law Judge assessed Ms. Brotherton's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work requiring lifting up to ten pounds occasionally and five pounds frequently, standing and/or walking up to two hours in an eight-hour workday, sitting up to six hours in an eight-hour workday, performing unlimited pushing and/or pulling including operation of hand and/or foot controls, occasionally performing postural activities including climbing, balancing, squatting, stooping, crawling, kneeling, with no manipulative, visual, communicative, or environmental limitations other than not working in hazardous conditions including moving machinery and at heights.

(TR 14). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge held that Ms. Brotherton retains sufficient functional capacity for several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was eventually adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Brotherton has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See

2

42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. It seems that Ms. Brotherton injured her knee and back in an automobile accident in early 2000. She now experiences a torn anterior cruciate ligament in her right knee. She also suffers from pain in her back, neck, and shoulders, and has been diagnosed as experiencing chronic pain syndrome associated with morbid obesity. Ms. Brotherton also has symptoms of carpal tunnel syndrome in her right upper extremity, and she carries a diagnosis of hepatitis C, though there is no indication that her hepatitis affects her capacity for work. Finally, Ms. Brotherton has been treated for situational depression and anxiety. Based primarily on her right knee problems, the Administrative Law Judge found that Ms. Brotherton is capable of no more than sedentary work activities. In posing hypothetical questions for the vocational expert, the Law Judge asked the expert to consider reports from a nonexamining physician and a nonexamining psychologist assessing plaintiff's residual functional capacity. (TR 219). In response, the vocational expert identified several sedentary jobs which Ms. Brotherton could be expected to perform. (TR 220). The Law Judge asked the vocational expert to consider additional hypotheticals which assumed physical findings as set forth in a report from plaintiff's treating physician and as suggested by Ms. Brotherton in her own testimony at the administrative hearing. In response to both sets of additional hypotheticals, the vocational expert indicated that plaintiff would be unable to perform any work roles at any exertional levels.

While the court believes that it is generally ill advised for the Administrative Law Judge to formulate hypothetical questions merely through reference to reports from nonexamining physicians, the court must conclude that, in the instant case, the reports from the state agency physicians are

3

consistent with the medical evidence developed by physicians and mental health specialists who actually examined Ms. Brotherton. The simple fact is that the objective medical studies have failed to reveal any significant mechanical problems in plaintiff's case, other than the torn ACL. Stated differently, no doctor has identified any cause for plaintiff's complaints of severe and debilitating pain in her neck, back, and shoulders. Furthermore, no doctor has reported clinical findings which are consistent with plaintiff's complaints of disabling subjective discomfort. While it is true that the administrative regulations recognize that greater weight should be accorded to reports from physicians and specialists who have actually examined the claimant, see, 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1), the same regulations require that medical opinions be supported by medical signs, laboratory findings, and supporting explanations. See, 20 C.F.R. §§ 404.1527(d)(3) and 416.927(d)(3). The court believes that the Administrative Law Judge might reasonably conclude that the evidence in this case does not set forth such medical signs, laboratory findings, and professional explanations as would support a finding of total disability for all forms of substantial gainful employment.

On appeal to this court, plaintiff argues that the reports from her treating medical sources establish that she is disabled. It is true that in a medical report dated August 10, 2004, Dr. Michael Cesta, a treating physician, opined that Ms. Brotherton is disabled. (TR 192). In passing, the court notes that in offering his opinion, Dr. Cesta relied on plaintiff's chronic pain syndrome, degenerative joint disease, and morbid obesity. The court observes that the office notes compiled by Dr. Cesta and his associates during the treatment of plaintiff's physical and emotional problems, suggest that her complaints remained stable through adherence to an appropriate pharmacological regimen. Once again, Dr. Cesta was unable to cite any specific physical findings or observations which are consistent with a determination of disabled. Dr. Scott Seaton, a pain management specialist, has also suggested that Ms. Brotherton is totally disabled. (TR 197-98). However, Dr. Seaton has offered no medical explanation for certain of his critical findings, including his observations that plaintiff would be unable to sit or stand for more than one hour at a time.

4

Simply stated, the medical record includes an abundance of evidence upon which the Administrative Law Judge might reasonably rely in concluding that plaintiff retains sufficient functional capacity for sedentary levels of work. The medical notes from at least one of the doctors who opined that plaintiff is totally disabled do not support the notion that she is now incapable of performing the sedentary work roles suggested by the vocational expert. The Administrative Law Judge relied on a consultative examination performed by an orthopedic specialist and a mental health evaluation performed by a psychologist in concluding that Ms. Brotherton is not disabled for all forms of work activity. These consultative evaluations support the residual functional capacity assessments completed by the nonexamining state agency physicians. It follows that the Administrative Law Judge properly relied on the response of the vocational expert to the Law Judge's first hypothetical question in assessing Ms. Brotherton's capacity for alternate work roles. The court believes that the expert's evaluation of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the evidence in Ms. Brotherton's case. The court can only conclude that the Commissioner's final decision is supported by substantial evidence.

In affirming the Commissioner's final decision, the court does not suggest that Ms. Brotherton is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff suffers from several worrisome and troublesome conditions. In addition to her obesity, Ms. Brotherton clearly suffers from a torn ACL and hepatitis C. There is also some indication of early onset of diabetes and carpal tunnel syndrome. However, it must again be noted that the medical specialists have not identified any specific manifestation of any of these problems, considered individually or in combination, which could be reasonably expected to produce total disability for all forms of work activity. It is well settled that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's

5

Case 5:07-cv-00071-GEC   Document 16   Filed 06/26/08   Page 5 of 6   Pageid#: 53

claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. <u>Richardson v. Perales</u>, <u>supra</u>; <u>Oppenheim v. Finch</u>, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 26th day of June, 2008.

/s/ Glen Conrad
United States District Judge